FILED
2004 FEB 27 AM 8:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| Plaintiff, } | |
| v. } | Case No.: CV 03-P-1120-S |
| WILLIE C. HINTON, } | |
| Defendant. } | |

ENTERED
FEB 27 2004

## MEMORANDUM OPINION

The court has before it Plaintiff's Motion for Summary Judgment (Doc. # 10) filed November 25, 2003 and Plaintiff's Brief in Support of Motion For Summary Judgment (Doc. # 11), with evidentiary exhibits attached, filed November 25, 2003. On December 17, 2003, the court conducted a Rule16(b) scheduling conference in this case and, by agreement of the parties, any opposition to the motion for summary judgment from Defendant was due to be filed on or before January 22, 2004. (Doc. # 15). The court notified the parties that, upon completion of the briefing schedule, the motion would be taken under submission by the court without oral argument. (Doc. # 15). No timely opposition was filed by Defendant and, as of the date of entry of this order, Plaintiff's motion for summary judgment remains unopposed. For the reasons outlined below, the court grants Plaintiff's Motion for Summary Judgment and enters judgment in favor of the Plaintiff.

I. **Summary Judgment Standard**

Summary judgment is an integral part of the Federal Rules of Civil Procedure and is the prescribed manner by which claims which do not involve genuine issues of material fact should be resolved. Fed. R. Civ. P. 56. The fact that the parties do not agree on every fact is not significant.

The law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251. Whether a fact is material is determined by the substantive law applicable to a particular case. *See Anderson*, 477 U.S. at 248. Although the nonmovant is entitled to justifiable inferences from the undisputed facts, he cannot rest upon his pleadings. Rule 56(e) provides,

> When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

## II.     Relevant Undisputed Facts

The undisputed facts are as follows. This case arises from a loan made by the Alabama Small Business Investment Company ("ASBIC") to Defendant Willie C. Hinton in May 1990. (Doc. # 11, at Ex. A (Affidavit of Michele Long Pittman), at ¶ 7). Hinton granted a mortgage on real property at 2222 Nabors Road, Powderly, Birmingham, Alabama, 35211, as collateral for the loan note. (Doc. # 11, at ¶ 8; Doc. # 2 (Answer of Defendant Willie Hinton), at ¶ 10). Although Hinton made periodic payments on the loan, it is in default. (Doc. # 11, at ¶ 11; Doc. # 2, at ¶ 21).

In December, 1997, ASBIC was placed in receivership and the United States Small Business Administration ("SBA") was appointed receiver. (Doc. # 11, at ¶ 3). Around the same time, SBA received a judgment in its favor against ASBIC for failure to pay on defaulted debentures which SBA had guaranteed. (Doc. # 11, at ¶ 3). To date, SBA's judgment against ASBIC has not been paid in

full. (Doc. # 11, at ¶ 3).

As receiver, SBA attempted to resolve the defaulted loan with Hinton, then accelerated payments due, and finally demanded payment in full by August 2002. (Doc. # 11, at ¶¶ 12,13). Hinton did not honor the loan demand and the loan remains unpaid. (Doc. # 11, at ¶¶ 14,15).

This case was filed in May 2003, and in September of that same year, Judge Guin of this court terminated the receivership and permitted reassignment of ASBIC's assets, including this case, to SBA. *United States of America v. Alabama Small Business Investment Company, Inc.*, Civil Action No. 97-G-1471-S, September 2, 2003 Final Order (Doc. # 31). Accordingly, the United States of America was substituted as the proper Plaintiff in this case pursuant to this court's November 24, 2003 order. (Doc. # 9).

The United States has asserted two claims in this case, breach of contract and foreclosure, and seeks to recover the outstanding principal and interest owed under the defaulted loan. (Doc. # 1). Plaintiff has asked the court to enter judgment against the Defendant for the following amounts:

(1) $81,520.14 in principal,
(2) accrued interest of $86,665.74 as of November 21, 2003, plus daily interest of $26.80 up to date of judgment,
(3) late fees of $3,341.62, and
(4) post judgment interest for breach of promissory note.

(Docs. # 1, 11). Plaintiff also requests that the court enter judgment for ASBIC for the amount recoverable in a foreclosure sale of the real property subject to the mortgage, not to exceed the total of numbers 1-4 above, exclusive of foreclosure costs, and for all costs incurred by Plaintiff and the Receiver in the collection of the defaulted loan and foreclosure of the mortgage including reasonable attorney's fees and court costs. (Doc. # 11, at 8).

Plaintiff's motion for summary judgment asserts that no genuine issue of material fact exists

and that Plaintiff is entitled to judgment as a matter of law. (Doc. # 10). In support of its motion, Plaintiff submitted the Affidavit of Michele Long Pittman, the Chief of Receivership Operations for the United States Small Business Administration. (Doc. # 11, at Ex. A). Attached to Pittman's affidavit are copies of (1) the documents terminating the receivership of ASBIC, discharging SBA as the receiver, and permitting the assignment of ASBIC's assets to SBA, (2) the Promissory Note executed by Defendant Hinton in May, 1990 for the ASBIC loan that is the subject of this lawsuit, (3) the Loan Agreement executed by Hinton and the President of ASBIC in May, 1990, (4) the Mortgage on the real property located at 2222 Nabors Road, Powderly, Birmingham, Alabama, 35211 executed by Hinton in May, 1990, (5) the March 14, 2001 letter from SBA to Hinton RE: Notice of Acceleration and Demand for Payment, and (6) the July 12, 2002 letter from SBA to Hinton RE: Notice of Acceleration and Demand for Payment. (Doc. # 11, at Ex. A, Exhibits 1-6).

### III. Discussion

Plaintiff has moved for summary judgment on both claims alleged by it. As to Plaintiff's breach of contract claim, pursuant to Alabama law, Plaintiff must establish four elements: (1) a valid contract binding the parties, (2) plaintiff's performance under the contract, (3) defendant's nonperformance, and (4) plaintiff's resulting damages. *State Farm Fire & Casualty Co. v. Slade*, 747 So.2d 293, 303 (Ala. 1999). The court finds that all of these elements are satisfied by the undisputed evidence in this case.

First, the validity of the loan to Hinton is not in dispute. (Doc. # 2, at ¶¶ 9-10). With respect to the second element of Plaintiff's claim, Hinton admits that ASBIC loaned him the agreed-upon amount of $85,000 and thus Plaintiff's performance is not in dispute. (Doc. # 2, at ¶ 9). That Hinton failed to perform and pay the loan, despite acceleration and eventual demand in full for the loan

amount, is not in dispute. (Doc. # 11, at Ex. A, Exs. 5-6). Hinton admits that he has defaulted on the loan, satisfying the third element of Plaintiff's claim. (Doc. # 2, at ¶ 21). Finally, Plaintiff's damages are for a sum certain according to the terms of the Loan Agreement and Promissory Note and Hinton has not denied nor refuted that Plaintiff has suffered damages which continue to accrue at a rate of $26.80 per day. (Doc. # 11, at ¶ 15, Ex. A, Exs. 2-3; Doc. # 2, at ¶ 22). There is no dispute that the Loan Documents provide that, in the event of a default and referral to counsel for collection, Hinton will be liable for all costs incurred by the lender including reasonable attorney's fees and court costs. (Doc. # 11, at ¶ 10). There is no dispute that the United States, as receiver for ASBIC, is entitled to enforce the note against Plaintiff, the lawful assignee. (Doc. # 2, at ¶ 21).

Accordingly, because Plaintiff has tendered the loan documents, presented uncontradicted evidence of a breach, and shown that it is entitled to damages in a sum certain in accordance with the terms of the agreement, the court finds that judgment as a matter of law in favor of Plaintiff is appropriate on the breach of contract claim.

Plaintiff's second cause of action relates to foreclosure of the real property serving as collateral on the loan to Hinton. In *Moseley v. First Community Bank*, the Alabama Supreme Court affirmed the trial court's grant of summary judgment in favor of the bank and found that the bank was entitled to foreclose on the defendant's property once the defendant failed to render a loan payment on the due date because the loan was in default and the right to foreclose had been activated. 649 So.2d 1274, 1276-77 (Ala. 1994). Because there is no dispute in this case that Hinton defaulted on the loan and that Hinton secured the loan with the subject mortgage, (Doc. # 11, at Ex. A, Ex. 4; Doc. # 2, at ¶¶ 10, 21), this court finds the United States is entitled to foreclose on the real property made collateral to the loan and that Plaintiff is entitled to judgment as a matter of law.

The court finds that no genuine issues of material fact remain for trial as to Plaintiff's two claims and that Plaintiff is entitled to judgment as a matter of law. A separate Final Judgment will be entered.

**DONE** and **ORDERED** this \_\_\_26th\_\_\_ day of February, 2004.

*/s/ R. David Proctor*

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE